***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON INC., et al., <br><br> Defendants. | Civil Action No. 18-1423 <br><br> **OPINION** |
| MAUREEN KASSIMALI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON INC., et al., <br><br> Defendants. | Civil Action No. 18-5534 |
| SHERRON GAVIN, *Individually and on Behalf of all Distributees of the Estate of Rosalyn Gavin, Deceased*, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON INC., et al., <br><br> Defendants. | Civil Action No. 18-10319 |

| | |
|---|---|
| AMANDA REISING, *Individually and on Behalf of the Estate of Christine Reising, Deceased*, et al.,<br><br>                 Plaintiffs,<br><br>                 v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>                 Defendants. | Civil Action No. 18-10320 |
| CYNTHIA GIBSON, *Individually and on Behalf of the Estate of Devin Gibson, Deceased*, et al.,<br><br>                 Plaintiffs,<br><br>                 v.<br><br>JOHNSON & JOHNSON INC., et al.,<br><br>                 Defendants. | Civil Action No. 18-14637 |
| LISA HITTLER, et al.,<br><br>                 Plaintiffs,<br><br>                 v.<br><br>JOHNSON & JOHNSON INC., et al.,<br><br>                 Defendants. | Civil Action No. 18-17106 |

2

| | |
|---|---|
| TASHAY BENFORD, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHNSON & JOHNSON INC., et al.,<br><br>    Defendants. | Civil Action No. 19-5590 |
| LAURA MCCONNELL, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>    Defendants. | Civil Action No. 19-9365 |
| CYNTHIA KANNADY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>    Defendants. | Civil Action No. 19-13476 |

**WOLFSON, Chief District Judge:**

  These matters, nine of the transferred-member cases in the Johnson & Johnson Talcum Powder Products multidistrict litigation ("MDL"), each come before the Court on a motion to

reopen and for reconsideration of the Court's June 29, 2020 Omnibus Opinion and Order.[1] (*See Hittler v. Johnson & Johnson, Inc.*, No. 18-17106, ECF No. 115 (D.N.J. July 13, 2020); *Johnson v. Johnson & Johnson, Inc.*, No. 18-1423, ECF No. 130 (D.N.J. July 13, 2020); *Reising v. Johnson & Johnson, Inc.*, No. 18-10320, ECF No. 140 (D.N.J. July 13, 2020); *Kannady v. Johnson & Johnson, Inc.*, No. 19-13476, ECF No. 82 (D.N.J. July 13, 2020); *Kassimali v. Johnson & Johnson, Inc.*, No. 18-5534, ECF No. 143 (D.N.J. July 13, 2020); *Gibson v. Johnson & Johnson, Inc.*, No. 18-14637, ECF No. 130 (D.N.J. July 13, 2020); *Gavin v. Johnson & Johnson, Inc.*, No. 18-10319, ECF No. 150 (D.N.J. July 13, 2020); *McConnell v. Johnson & Johnson, Inc.*, No. 19-9365, ECF No. 108 (D.N.J. July 13, 2020); *Benford v. Johnson & Johnson, Inc.*, No. 19-5590, ECF No. 110 (D.N.J. July 13, 2020).) The instant motions for reconsideration have been filed by Plaintiffs in cases which were not remanded to state court by the Court's June 29 Opinion. Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., f/k/a Johnson & Johnson Consumer Companies, Inc. (collectively, the "Johnson & Johnson Defendants"), PTI Royston, LLC ("PTI Royston"), and PTI Union, LLC ("PTI Union") (collectively, the "PTI Defendants") oppose the motions.[2] For the reasons expressed herein, Plaintiffs' motions for reconsideration are **DENIED**.

I.  **BACKGROUND**

Because the relevant background is set forth in the Court's June 29 Opinion, I will recount

---

[1] The Court's Omnibus Opinion and Order resolved motions filed in the instant actions, as well as those in *Hannah v. Johnson & Johnson*, No. 18-1423; *Cartwright v. Johnson & Johnson*, No. 18-5535; and *Barsh v. Johnson & Johnson*, No. 18-17103. Both *Hannah* and *Cartwright* were remanded in full to the state court. Plaintiffs' Motion to Remand in *Barsh* was denied. Motions for reconsideration were not filed in *Hannah*, *Cartwright*, and *Barsh*.

[2] The PTI Defendants did not file a memorandum of law in opposition to Plaintiffs' motions but, rather, adopt the arguments set forth by the Johnson & Johnson Defendants, that the Court (1) correctly determined that PTI Union has been fraudulently joined and (2) correctly determined PTI Royston's citizenship for the purpose of diversity jurisdiction. (*See, e.g.*, *Hittler*, No. 18-17106, ECF No. 118.)

4

only the facts necessary for the resolution of these Motions. *Hannah v. Johnson & Johnson Inc.*, MDL No. 16-2738, 2020 WL 3497010 (D.N.J. June 29, 2020). Each of these cases are multi-plaintiff actions, asserted collectively by plaintiffs from various states, which originated in Missouri state court and were removed by the Johnson & Johnson Defendants to federal court. (*See, e.g.*, Compl. 1, *Johnson*, No. 18-1423, ECF No. 1-2 (D.N.J. Oct. 30, 2017); Notice of Removal 2, *Johnson*, No. 18-1423, ECF No. 1, (D.N.J. Oct. 30, 2017).) Following removal, the cases were transferred to this Court by the United States Judicial Panel on Multidistrict Litigation to be included in *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2738. (*See, e.g.,* Order of MDL Transfer 1, 3, *Johnson*, No. 18-1423, ECF No. 67 (D.N.J. Feb. 1, 2018).)

In addition to naming the Johnson & Johnson Defendants, Plaintiffs name as Defendants PTI Royston and PTI Union, who they allege participated in the Johnson & Johnson Defendants and Imerys's conspiracy, and processed, bottled, labeled, or distributed Johnson & Johnson's talc products, which allegedly cause ovarian cancer. (*See, e.g.*, Compl. ¶¶ 11–15, *Hannah*, No. 18-1422; Compl. ¶¶ 96–100, *Kannady*, No. 19-13476, ECF No. 1-1.) Defendants claim that the products were only manufactured by PTI Royston in Georgia, whereas another product, Shimmer Effects, was manufactured by PTI Union in Missouri. (Decker Decl. ¶¶ 6, 8, *Kannady*, No. 19-13476, ECF No. 1-4 (D.N.J. Feb. 22, 2019).) Both PTI Defendants are Delaware limited liability companies which, for the purposes of diversity jurisdiction, were citizens of Georgia and Missouri until June 6, 2018, and citizens of Georgia and Florida after June 11, 2018. *Hannah*, 2020 WL 3497010, at *3.

Following removal, Plaintiffs filed motions to remand to state court. As these cases presented common legal questions, the Court resolved the motions in the June 29 Omnibus

5

Opinion. Because of the large volume of plaintiffs, the Court's June 29 Opinion grouped the plaintiffs into three classes:

> (1) Plaintiffs who share citizenship with the Johnson & Johnson Defendants or Imerys Talc America, Inc. f/k/a Luzenac America, Inc. ("Imerys")[3];
>
> (2) Plaintiffs who share citizenship with the PTI Defendants; and
>
> (3) Plaintiffs who do not share citizenship with any defendants.

"Class One" plaintiffs included all New Jersey and California citizens. "Class Two" plaintiffs consisted of the Missouri citizens in *Johnson*, *Kassimali*, *Gavin*, *Reising*, and *Gibson*; the Florida citizens in *Hittler*; and the Georgia citizens in *Johnson*. Finally, "Class Three" included the Missouri citizens in *Hittler*, *Benford*, *McConnell*, and *Kannady*; the Florida citizens in *Johnson*; and plaintiffs who are not citizens of California, Florida, Georgia, New Jersey, or Missouri in *Johnson*, *Kassimali*, *Gavin*, *Reising*, *Gibson*, *Hittler*, *Benford*, *McConnell*, and *Kannady*. As relevant to the pending motions for reconsideration, the June 29 Opinion severed the claims of each plaintiff in Class Three and required that they file separate complaints and proceed under a separate civil action number; dismissed the claims of the Class Three Plaintiffs against PTI Royston for lack of personal jurisdiction; dismissed the claims of any Class Three Plaintiffs who are not citizens of Missouri and did not allege they purchased products in Missouri, for lack of personal jurisdiction as to the Johnson & Johnson Defendants; and remanded all claims of the Class One and Two Plaintiffs for lack of subject matter jurisdiction.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1 govern motions for reconsideration. In particular, pursuant to Local Civil Rule 7.1(i), a party moving for

---

[3] Imerys has filed for bankruptcy protection. Accordingly, these matters are stayed as to Imerys pursuant to the automatic stay imposed as a result of the bankruptcy petition.

reconsideration must "set[] forth concisely the matter of controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are considered "extremely limited procedural vehicle[s]." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). Indeed, requests for reconsideration "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *see also N. River. Ins. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A "'judgment may be altered or amended [only] of the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Blystone*, 664 F.3d at 415 (first alteration in original) (quoting *Howard Hess Dental Labs, Inc.*, 602 F.3d at 251). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decisions fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citation omitted). In other words, "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Sup. 2d 511, 533 (D.N.J. 1998) (citation omitted). Rather, a difference of opinion with the court's decision should be dealt with through the appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998).

### III.  DISCUSSION

#### A. Severance under Rule 21

Plaintiffs first seek reconsideration of the Court's decision to sever each plaintiff's claims from the multi-plaintiff complaints pursuant to Federal Rule of Civil Procedure 21.  Specifically, I found that even if joinder of the Plaintiffs is proper under Federal Rule of Civil Procedure 20, severance of each plaintiff's claims was appropriate in order to resolve the tangle of jurisdictional issues presented by these complaints.  *Hannah*, 2020 WL 3497010, at *6.  My decision in this regard, was based on the discretion afforded to the Court by Federal Rule of Civil Procedure 21.  *See id.*  Plaintiffs, nevertheless, contend, that this decision was erroneous because "[t]here is no authority for using Rule 21 to sever the claims of properly joined plaintiffs in order to create diversity jurisdiction in a case removed from state court." (*Kannady*, 18-1423, ECF No. 130-1, at 5.)  I disagree.

Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.  As the Supreme Court has made clear, "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572–73 (2004) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).  This authority is discretionary.  *Aetna Life Ins. Co. v. Foundation Surgery Affiliates, LLC*, 358 F. Supp. 3d 426, 436 (E.D. Pa. 2018) ("A district court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21."); *Turner Const. Co., Inc. v. Brian Trematore Plumbing & Heating, Inc.*, No. 07-666, 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009) ("District courts have 'broad discretion' in

8

deciding whether to sever a party pursuant to Rule 21."). Both the Supreme Court and the Third Circuit have specifically held that a court may use its Rule 21 authority to sever a nondiverse, dispensable party *even if* doing so creates diversity jurisdiction where it otherwise would not exist on the face of the complaint. *See, e.g.*, *Newman-Green, Inc.*, 490 U.S. at 832–38 (explaining this authority is "well-settled"); *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 22223 (3d Cir. 1999), *rev'd on other grounds*, 545 U.S. 546 (2005).

Plaintiffs, nevertheless, contend that severance of a party to preserve diversity jurisdiction is permitted only where the action was originally filed in federal court, as opposed to removed from state court. While the Court acknowledges that some "[f]ederal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent," *Kips Bay Endoscopy Ctr., PLLC v. Travelers Indem. Co.*, No. 14-7153, 2015 WL 4508739, at *4 (S.D.N.Y. July 24, 2015); *see also Saviour v. Stavropoulos*, No. 15-5362, 2015 WL 6810856, at *5 (E.D. Pa. Nov. 5, 2015), there is no doubt that "it is well established that courts, both district and circuit alike, have the power under Fed. R. Civ. P. 21 to dismiss dispensable parties to the suit in order to preserve diversity." *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 382 n.6 (3d Cir. 2004); *Enza v. We The People, Inc.*, 838 F. Supp. 975, 977 (E.D. Pa. 1993). In that connection, "Rule 21 is a safety net against misjoinder of a dispensable party . . . and gives a district court broad discretion to re-align the parties in an action according to their true interests." *Burns v. Boston Scientific Corp.*, No. 18-12323, 2019 WL 1238829, at *4 (D.N.J. Mar. 18, 2019); *see also In-Tech Marketing Inc. v. Hasbro, Inc.*, 685 F. Supp. 436, 441–42 (D.N.J. 1988) (citing *Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust, Co.*, 197 U.S. 178, 180 (1905)). Simply put, "[t]he Rule allows a district court to dismiss so-called 'jurisdictional spoilers' – parties whose presence in the litigation destroys jurisdiction – if those parties are not

indispensable and if there would be no prejudice to the parties." *Aetna Life Ins.*, 358 F. Supp. 3d at 436. It is thus evident that the Court's power to sever parties to preserve diversity jurisdiction is not limited to those actions that were filed in federal court and extends to actions removed pursuant to 28 U.S.C. § 1441. *See, e.g.*, *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 198 F. Supp. 3d 385, 388–89 (D.N.J. 2016) (severing plaintiffs' claims pursuant to case management order and granting motion to remand only with respect to those plaintiffs that share citizenship with any defendant); *Alday v. Organon USA, Inc.*, Nos. 09-1415, 08-1964, 2009 WL 3531802, at *2 (E.D. Mo. Oct. 27, 2009) (severing claims of non-Missouri plaintiffs and requiring that those individuals re-file separate complaints)

Plaintiffs further argue that the Court's decision violates the long-accepted practice that the plaintiff is the master of his complaint. *See Foster v. City of Philadelphia*, 826 F. Supp. 2d 778, 781 (E.D. Pa. 2011). While the Court recognizes that practice, it does not plainly protect plaintiffs who employ thinly veiled litigation strategy to avoid participation in MDL proceedings. As I expressed in my decision in *Plavix*, I am increasingly concerned with "the manner in which seemingly unrelated plaintiffs and non-diverse plaintiffs have joined their claims in single multiple-plaintiff actions." *In re Plavix Prod. Liab. & Marketing Litig.*, MDL No. 13-2418, 2014 WL 4954654, at *11 (D.N.J. Oct. 1, 2014). Other judges in MDL proceedings have similarly observed that non-diverse plaintiffs are often joined for the sole purpose of defeating diversity jurisdiction and avoiding the MDL proceeding. *See, e.g.*, *In re Diet Drugs*, No. 98-20478, 1999 WL 554584, at *5 (E.D. Pa. July 16, 1999) ("This case, with eleven Plaintiffs selected from seven different states where, coincidentally, a number of Defendants also have citizenship seems to have been an innovative, but unwise, pleading strategy that interferes with the court's ability to administer this case for pretrial purposes."); *see also In re Prempro Prods. Liab. Litig.*, Nos. 03-

1507, 09-104, 2009 WL 331313, at *1 (E.D. Ark. Feb. 10, 2009).  Indeed, Rule 21 severance is a tool that has been increasingly employed in MDL proceedings to resolve complex issues prompted by the filing of multi-plaintiff complaints.  *See, e.g.*, *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 198 F. Supp. 3d at 388–89; *In re Welding Fume Prods. Liab. Litig.*, No.03-17000, 2010 WL 7699456, at *4 (N.D. Ohio June 4, 2010) (noting that early in the MDL the "Court put on a standing Order directing that multiple plaintiffs in any such case be severed from each other, "thereby creating an individual case on behalf of each such plaintiff"); *Alday*, 2009 WL 3531802, at *2; *In re Diet Drugs*, 325 F. Supp. 2d 540, 541 (E.D. Pa. 2004) (severing multi-plaintiff complaint under Rule 21 based on finding that "proceeding with this one action with multiple plaintiffs would severely impair the efficient administration of justice").

The Court further notes the practical importance of severing plaintiffs in cases such as this. The joinder of large numbers of unrelated plaintiffs who are citizens of different states creates a snarl of personal jurisdictional issues, as the Supreme Court has stressed that personal jurisdiction must be evaluated on a plaintiff-by-plaintiff basis.  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781–82 (2017).  In that regard, *Bristol-Myers* highlights the problems of joining numerous plaintiffs of different states in a single products liability action. There, more than 600 plaintiffs, most of whom were not California residents, filed a complaint against Bristol Myers in California state court, alleging injuries caused by Plavix.  *Id.* at 1777–78. The Supreme Court determined that California did not have personal jurisdiction over claims brought by the out-of-state plaintiffs because there was no "connection between the forum and the specific claims at issue."  *Id.* at 1781.  In essence, the Court's decision in *Bristol Myers* ensures that the Fourteenth Amendment's limitations on the personal jurisdiction of the state courts cannot be sidestepped through the permissive joinder of plaintiffs who have no connection to that forum.

Here, exercising authority under Rule 21 to sever Plaintiffs' claims, ensures that the strictures of personal jurisdiction are met and can be assessed in a fair, efficient, and individualized manner.

Finally, Plaintiffs argue that the plain language of Rule 21 does not permit severance of plaintiffs properly joined in a multi-plaintiff complaint. Rather, Plaintiffs maintain, Rule 21 provides that a court may only drop a party or sever claims against a defendant. (*Kannady*, ECF No. 130-1, at 8.) Plaintiffs provide no legal authority for this interpretation of Rule 21. Nor is their interpretation correct. District courts have invoked Rule 21 to sever the claims of individual plaintiffs in products liability actions to promote judicial economy. *See, e.g.*, *Nelson-Devlin v. Eli Lily & Co.*, No. 14-2811, 2015 WL 5436700, at *4 (E.D. Cal. Sept. 15, 2015) (severing claims of non-California plaintiffs pursuant to Rule 21 as "[m]aintaining the various non-California plaintiffs in the same action, which would require the application of sixteen different state laws, would not promote judicial economy as joinder of the California plaintiffs does"); *Arroyo v. PHH Mortg. Corp.*, No. 13-2335, 2014 WL 2048384, at *3–4 (E.D.N.Y. May 19, 2014) (finding severance of plaintiffs' claim appropriate under Rule 21 to promote judicial economy).

In sum, Plaintiffs have not demonstrated that the Court's decision to sever Plaintiffs' claims was erroneous. Accordingly, Plaintiffs' motion to reconsider on this point is denied.

### B. Fraudulent Joinder

Plaintiffs next seek reconsideration of the Court's finding that PTI Union was fraudulently joined. In the prior Opinion, I determined that PTI Union was fraudulently joined because Plaintiffs did not state a colorable claim of strict liability against it. Specifically, I found that Plaintiffs allege that PTI Union manufactured only Shimmer Effects, a variant of Johnson & Johnson's talc products that has never been alleged to be defective in any of the complaints and which no plaintiff alleged she used. *Hannah*, 2020 WL 3497010, at *13. Further, I rejected

Plaintiffs' argument that PTI Union was a part of Pharma Tech, a now-defunct entity, which was not set forth in their Complaints but, rather, presented in their briefing. *Id.* at *13. In that regard, I limited my fraudulent joinder analysis to the four corners of each complaint, none of which mentioned that PTI Union and Pharma Tech are one and the same, let alone allege that the two companies are interrelated in any way, or that alter ego existed. *Id.*

Plaintiffs now argue that in finding that PTI Union is fraudulently joined, the Court improperly turned the fraudulent joinder analysis into a Rule 12(b)(6) analysis. Indeed, Plaintiffs maintain that their allegation that they used "Shower to Shower" products encompasses that they may have alleged the injurious use of Shimmer Effects because that product was part of the Shower-to-Shower line. Moreover, Plaintiffs contend that PTI Union was responsible for all variants of Shower to Shower, as successor to Pharma Tech. As the Court previously determined, Plaintiffs' Complaints fail to make any connection between PTI Union and Pharma Tech, and thus, Plaintiffs have not stated a colorable claim for relief against PTI Union. Most critical to Plaintiffs' motions to reconsider, however, is that Plaintiffs made this exact argument in support of their remand motions and it was then rejected. In that connection, Plaintiffs seek a "second bite at the apple," which is not an appropriate ground for granting a motion for reconsideration. *See Bhatnagar v. Surrenda Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (affirming district court denial of motion for reconsideration where the motion was "a classic attempt at a 'second bite of the apple'").

Next, Plaintiffs contend that the Court erred in restricting its fraudulent joinder analysis to the four corners of the complaints and maintain that the Court should have considered their evidence of the relationship of PTI Union and Pharma Tech. Again, Plaintiffs are incorrect. In support of their argument that the Court should have considered evidence extraneous to the

13

complaints, they cite to *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26 (3d Cir. 1985). In *Abels*, the Third Circuit considered whether fictitiously named "Doe" defendants, who were not diverse from plaintiffs, were fraudulently joined. *Id.* at 29. Having determined that there were sufficient allegations made against the fictitious defendants, the Third Circuit looked beyond the allegations of the complaint to determine whether plaintiffs intended to prosecute their claims against the fictitious defendants. *Id.* at 32. Since *Abels*, the Third Circuit has made clear that a district court's consideration of allegations outside the complaint should be limited to "consideration of reliable evidence that the defendant may proffer to support the removal" and that the district court "must not step from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d 201, 218–20 (3d Cir. 2006).

Indeed, the Third Circuit has repeatedly stated that "in applying the fraudulent joinder doctrine, 'the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.'" *Hogan v. Raymond Corp.*, 536 F. App'x 207, 211 (3d Cir. 2013) (quoting *Batoff v. State Farm Ins.*, 977 F.2d 848, 852 (3d Cir. 1992)); *see also Abels*, 770 F.2d at 29 ("The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction."). As such, information outside of the complaint should only be considered for jurisdictional purposes when it *clarifies* an allegation included in the complaint. *See, e.g.*, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 & n.16 (5th Cir. 1995). As the Fifth Circuit explained in *Cavallini*,[4] a district court's fraudulent joinder analysis should be limited to the allegations of the complaint at the time of removal "because a complaint amended post-removal

---

[4] The Third Circuit has cited approvingly to *Cavallini* for its rational of focusing on the plaintiff's complaint at the time the petition for removal was filed. *See Hogan*, 536 F. App'x at 211.

cannot divest a federal court of jurisdiction." *Id.* Here, Plaintiffs did not allege any connection between PTI Union and Pharma Tech in their complaints and only presented limited evidence in support of their motions to remand. This evidence did not clarify the allegations of the complaint but, rather, set forth a whole new theory of liability against PTI Union. Because Plaintiffs' reliance on evidence of PTI Union and Pharma Tech's alleged relationship was, as the Court previously determined, an improper attempt to amend their complaints, the Court declined to consider the evidence in assessing whether PTI Union was fraudulently joined. Nothing Plaintiffs argue in this motion changes that conclusion. As such, the Court declines to reconsider its finding that PTI Union was fraudulently joined.

### C. PTI Royston

Plaintiffs, for the first time, argue that the Court erred by not evaluating whether the trusts by which PTI Royston are held are traditional or business trusts in assessing the citizenship of PTI Royston for the purposes of diversity jurisdiction. As a limited liability company, the citizenship of PTI Royston is determined by the citizenship of its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The sole member of PTI Royston is Broadview Investments, LLC, a Delaware limited liability company. Thus, the Court was required to look to the members of Broadview to determine the citizenship of PTI Royston. Broadview has four members: the Revocable Living Trust of Edward T. Noland, Jr., the Edward T. Noland, Jr. Irrevocable Gifting Trust, the Laura Noland Tarrasch Revocable Trust, and the Tarrasch Family Trust. As I explained in my prior Opinion, "the citizenship of a traditional trust is based solely on that of its trustee." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 29 (3d Cir. 2018). Therefore, I found that prior to June 6, 2018, PTI Royston was a citizen of Georgia and Missouri, and that after June 11, 2018, PTI Royston was a citizen of Georgia and Florida, for the purposes of diversity

15

jurisdiction.  *Hannah*, 2020 WL 3497010, at *3

Plaintiffs, however, now submit, without any evidence or legal support, that PTI Royston "is held in business trusts."  The Court need not consider this argument as Local Civil Rule 7.1(i) "does not . . . contemplate a Court looking to matters which were not originally presented" to it.  *Florham Park Chevron, Inc.*, 680 F. Supp. at 162; *see also Galletta v. Velez*, No. 13-532, 2014 WL 631891, at *2 (D.N.J. Feb. 18, 2014).  At no point in Plaintiffs' briefing on their motions to remand did they suggest that PTI Royston is held in business trusts or that its citizenship should be determined based on the beneficiaries of the trusts.  Moreover, even if the Court were to consider Plaintiffs' position, they do not present any evidence or citation to support their assertion.  The Court cannot accept Plaintiffs' unsupported allegations, especially when this argument could have been previously raised.

## IV.  CLARIFICATION OF THE COURT'S JUNE 29 ORDER

Finally, Plaintiffs seek clarification of the Court's June 29 Order with respect to the status of the claims brought by Class Three Plaintiffs.  In the June 29 Order, the Court dismissed the claims of all Plaintiffs who are not citizens of Missouri and do not allege they purchased any products in Missouri for lack of personal jurisdiction as to the Johnson & Johnson Defendants.  The Order permitted these Plaintiffs to re-file their own individual complaints that name only Imerys and PTI Union.  Plaintiffs contend that this language appears to prohibit the filing of a complaint under their own respective name and civil action number against the Johnson & Johnson Defendants in the appropriate district of each respective Plaintiff's federal district court.  The Johnson & Johnson Defendants make no argument as to this request for clarification.

Upon review of the Order, the Court finds that the Class Three Plaintiffs who are not residents of Missouri and do not allege any connection to Missouri are permitted to file a complaint

16

in the appropriate United States District Court against the Johnson & Johnson Defendants.[5]

### V. CONCLUSION

For the forgoing reasons, Plaintiffs' Motions for Reconsideration are **DENIED**.

DATED: January 19, 2021                                          /s/ Freda L. Wolfson
                                                                 Freda L. Wolfson
                                                                 U.S. Chief District Judge

---

[5] The Court notes that, pursuant to Case Management Order No. 2 in the MDL proceeding, Plaintiffs may also directly file short-form complaints in this District to promote efficiency.